William **BUTLER** and Leland **Butler** d/b/a Butler Insurance and Hawkeye–Security Insurance Company, Defendants–Appellants,

v.

Dale O. **WILLIAMS**, Laveina Williams, Steve Williams and Stacie Williams, By Her Next Friend, Dale O. Williams, Plaintiffs–Appellees,

and

**Jess Martindale,** Defendant–Non–Appealing.

No. 47A01–8802–CV–00042.

Court of Appeals of Indiana, First District.

Aug. 30, 1988.

Peter G. Tamulonis, Michael E. Brown, John B. Drummy, Kightlinger & Gray, Indianapolis, for William Butler and Leland Butler d/b/a Butler Ins.

Michael K. Irwin, Donn H. Wray, Stewart & Irwin, Indianapolis, for Hawkeye–Sec. Ins. Co.

W. Brent Gill, Roger L. Pardieck, Pardieck & Gill, Seymour, for appellees.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Appeal from denial of motion to dismiss an action for damages for failure to obtain proper insurance for a tavern. We reverse.

## FACTS

On December 24, 1981, the Williamses sustained personal injuries in an automobile accident allegedly caused by Wilbur DePhue. DePhue apparently had become intoxicated at the Pit Stop tavern which was operated by the Morgans. Sometime prior to the collision, Butler Insurance Agency (Butler) had procured an insurance policy for the Morgans' tavern. The policy was issued by Hawkeye–Security Insurance Company (Hawkeye), and it expressly

excluded coverage for liability incurred as a result of serving alcoholic beverages.

On November 20, 1983, the Williamses sued the Morgans and Pit Stop, among others. By letter dated January 11, 1984, Hawkeye notified the Morgans that their insurance policy did not cover the accident and that no defense would be forthcoming. On July 15, 1985, the Morgans executed an Assignment of Claims wherein the Morgans assigned to the Williamses any claims the Morgans had against their insurance carrier for failing to recommend insurance coverage for alcohol-related liability. On February 4, 1986, judgment was entered in favor of the plaintiffs against the Morgans and Pit Stop. On August 25, 1987, the Williamses filed suit against Hawkeye, Butler, and insurance agent Jess Martindale alleging negligence in failing to provide Pit Stop with dram shop insurance coverage.

Butler filed a Motion to Dismiss pursuant to Indiana Rules of Procedure, Trial Rule 12(B)(6) and argued that the applicable statute of limitations had expired when the plaintiffs sued Butler and Hawkeye. The trial court granted Butler's motion on October 20, 1987, but vacated that order on October 22. On October 21, 1987, Hawkeye filed its Motion to Dismiss arguing that the two (2) year statute of limitations had expired. On January 21, 1988, both motions were denied. Subsequently, the trial court certified an interlocutory appeal to resolve the question of whether the plaintiffs' cause of action against the insurer and its agent was barred by the applicable statute of limitations.

## ISSUE

Did the two (2) year statute of limitations bar the plaintiffs' cause of action against the insurance agency and insurance company?

## DISCUSSION AND DECISION

■ The appellee posits several arguments for affirming the trial court's denial of the motions to dismiss. First, the Williamses contend that the two (2) year statute of limitations found in Indiana Code section 34-1-2-2(1) is inapplicable to their case because the wrong they complained of constituted a breach of contract. In support of their argument they cite *Carrier Agency, Inc. v. Top Quality Bldg. Products, Inc.* (1988), Ind.App., 519 N.E.2d 739 (transfer pending), which states that an agent who undertakes to procure insurance and through neglect fails to do so, may be liable in an action for breach of contract or for negligent default in the performance of a duty imposed by contract. The appellees contend that the minimum applicable statute of limitations in such a contract case under Ind.Code § 34-1-2-2(5) and (6) is ten (10) years. However, the appellees have not provided us with any details about the nature of the contract they claim was breached by the appellants.

Furthermore, the general rule in Indiana is that the nature or substance of the cause of action determines the applicability of the statute of limitations. *Whitehouse v. Quinn* (1985), Ind., 477 N.E.2d 270, 273; *Shideler v. Dwyer* (1981), 275 Ind. 270, 276, 417 N.E.2d 281, 285. In *Whitehouse*, our supreme court held that a claim by a client against an attorney for failure to bring suit against the state and for advice to sign a release alleged an injury to the client's personal property, and thus the claim was governed by the two (2) year statute of limitations in I.C. § 34-1-2-2(1). *Whitehouse*, 477 N.E.2d at 274. Likewise, the court held in *Shideler* that a malpractice claim against an attorney for negligence in drafting a will was an action for damage to personal property within the meaning of I.C. § 34-1-2-2 and therefore subject to the two (2) year statute of limitations. *Shideler*, 275 Ind. at 280-81, 417 N.E.2d at 288. Finally, we have held the two (2) year statute of limitations applicable to negligence claims against real estate brokers. *Craig v. ERA Mark Five Realtors* (1987), Ind.App., 509 N.E.2d 1144, 1149. We cannot agree with the appellees in the case at bar, that the statute of limitations for contract actions should apply. The nature or substance of the cause of action is negligence in failing to obtain a particular type

of insurance coverage. Thus, the two (2) year statute of limitations applies.

■ In order to ascertain whether the Williamses' action was timely, it is necessary to establish the time when the cause of action accrued. The Williamses contend that a claim accrues when one suffers ascertainable damages, and that the Morgans could not have ascertained the extent of their damages until judgment was entered against them. However, for a wrongful act to give rise to a cause of action and thus to commence the running of the statute of limitations, it is not necessary that the extent of the damage be known or ascertainable, but only that damage has occurred. *Shideler*, 275 Ind. at 282, 417 N.E.2d at 289; *Monsanto Co. v. Miller* (1983), Ind.App., 455 N.E.2d 392, 394. We note that because the Williamses were assignees of the Morgans, the statute of limitations began running against them as soon as it began running against the Morgans. We believe that the latest date on which the Morgans' cause of action against their insurer and insurance company could have accrued was January 11, 1984, when Hawkeye notified the Morgans that their insurance policy did not cover the Williamses' accident. Clearly, on that date the Morgans knew about the Williamses' claim and were made aware that their insurance policy did not include dram shop liability coverage. Because the cause of action accrued more than two (2) years before the Williamses filed their suit against Hawkeye and Butler, the claim is barred by the statute of limitations set forth in I.C. § 34-1-2-2(2).

■ Finally, the appellee claims that the "no-action" clause in the Morgans' insurance policy prohibited them from bringing suit against Hawkeye until judgment had been rendered in the case against the Morgans. We disagree. The Williamses' claim against Hawkeye was not based upon a breach of the existing insurance contract, but rather was a suit alleging negligence for failure to provide a different type of policy. The clause did not bar the Williamses' negligence claim, nor did it suspend the running of the statute of limitations until after judgment had been entered in the Morgans' suit.

The motions to dismiss filed by Hawkeye and Butler should have been granted. The decision of the trial court is reversed.

Reversed.

GARRARD, P.J., and ROBERTSON, J., concur.