STATON, Judge.
 

 Village Furniture appeals the entry of summary judgment in favor of the Associated Ins. Managers, denying Village Furniture of the coverage of an insurance policy protecting it against loss due to fire. The following issues are presented for our view:
 

 I. Whether the agent had a duty to explain the contract terms which pertained to the problem for which Village obtained the insurance policy?
 

 II. Whether the agent assumed the duty to explain the terms of the contract pertinent to Village’s needs when the agent voluntarily undertook to explain other terms of the contract?
 

 Reversed.
 

 Village Furniture (Village) had contracted with the Associated Ins. Managers (Ins. Co.) to insure its furniture store. Apparently, Village had previous problems with its sprinkler system, resulting in the shutting down of that system due to freezing. Village made that problem known to the agent, and a contract was drawn up, supposedly meeting the needs of Village. However, unknown to Village, the contract contained a “sprinkler clause,” which precluded recovery when the sprinkler system had been shut off and the Ins. Co. had not been notified. Although Village admits that it had never read the policy, both parties agree that the agent had never mentioned this pertinent clause to Village, although other clauses were discussed.
 

 Consequently, Village turned off the sprinkler system to prevent frozen pipes and water damage, but it did not notify the Ins. Co. Subsequently, a fire broke out, destroying the property contained in the store. Upon reporting the fire, Village was informed by the Ins. Co. that Village would recover nothing because it did not notify the Ins. Co., pursuant to the “sprinkler clause,” that Village had shut off its sprinkler system.
 

 Village contested the position of the Ins. Co., claiming that the agent had a duty to inform Village of the clause, particularly where the agent knew Village procured the insurance because of its faulty sprinkler system, and the agent had explained other clauses, less pertinent to the needs of Village than was the “sprinkler clause.” On the other hand, the Ins. Co. contends that Village had a duty to read the whole insurance contract, and that its agent had no duty to inform Village of the special requirements in the clause upon which liability hinged, even though the agent knew that Village was obtaining insurance for the very reason that its sprinkler system was unreliable.
 

 The court below granted summary judgment in favor of the Ins. Co., finding that Village had a duty to read the entire contract, and that the agent had no special duty to inform Village of the contents of the contract, specifically, the sprinkler clause. Thus, pursuant to the contract, Village was obligated to inform the Ins. Co. that it had shut off its sprinkler system in order to recover under that contract.
 

 When reviewing the grant of a motion for summary judgment, this court determines whether there is a genuine issue of material fact, and whether, as a matter of law, the moving party is entitled to judgment.
 
 Ogden Estate v. Decatur County Hosp.
 
 (1987), Ind.App., 509 N.E.2d 901, 902,
 
 reh. denied, trans. denied.
 
 While all facts and the inferences to be drawn from those facts are to be considered in a light most favorable to the non-moving party, the resolution of all doubts must also be in the non-movant’s favor.
 
 Id.
 
 Moreover, the burden of establishing a lack of a genuine issue of material fact is on the party moving for summary judgment.
 
 Id.
 

 
 *308
 
 In its complaint, Village attributed its loss and damages to the agent’s negligence and breach of fiduciary duties, specifically the duty to use reasonable care, specifically “in advising the plaintiff as to conditions in the policy ... [and] in servicing the plaintiffs insurance needs.” (Complaint, ¶ 8, Record, p. 14.)
 

 Upon granting the Ins. Co.’s motion for summary judgment, the court found “relative to central issues involved in this case that there are no genuine issues of material fact.” (Record, p. 9, 11. 4-6.) Continuing, the court noted that Village did not read the policy in its possession, but that it had a duty to do so; further, not only were the sprinkler clause provisions clear had Village read the policy, but a third party had “advised” Village that it need give notice to the Ins. Co. upon shutting off the sprinkler system. The court stated that
 

 at the time of presentation of policy to plaintiff the defendant explained some of the terms but did not refer to the term relative to the sprinkler system, plaintiff has a duty to inform itself about its contract of insurance, and defendant has no duty to orally explain the contract to the plaintiff.
 

 (Record, p. 9, 11. 14-18.) The court concluded that Village was not entitled to recover as a matter of law.
 
 (Id.)
 

 However, while the court’s findings are not incorrect insofar as Village may have had a duty to acquaint itself with the policy, case law recognizes an exception to this duty. In
 
 Town & County Mut. Ins. Co. v. Savage
 
 (1981), Ind.App., 421 N.E.2d 704, this court upheld the trial court’s decision finding that the insured was not contributorily negligent for failing to read the insurance policy where the insurance company had led the insured to believe that the specific coverage he had requested had been provided. Specifically, this court stated,
 

 [w]e cannot say that the evidence as to whether [the insured] should have read the policy or whether [the insured] reasonably relied upon the representations made to him by [the insurance company’s] employee ... was without conflict ... it was not contrary to Indiana law for the trial court to find that [the insured] was not contributorily negligent.
 

 Town & Country, supra,
 
 at 708. Thus, reasonable reliance upon an agent’s representations can override an insured’s duty to read the policy.
 

 Furthermore, the Seventh Circuit held that:
 

 It is true that
 
 courts in Indiana
 
 and elsewhere, realizing that many people do not read their insurance policies and, perhaps even more important, do not do so because the policies are unreadable,
 
 have held that the agent’s oral representations at the time of sale can override the written terms of the policy.
 
 [Citations omitted.] If the agent insists to the prospective purchaser that the policy will insure against a hazard, ..., that the prospect is particularly concerned about, and the hazard materializes,
 
 the company may be estopped to plead the terms of the policy because the strength of the agent’s oral assurances lulled the prospect into not reading, or reading inattentively,
 
 dense and rebarbative
 
 policy language.
 

 Burns v. Rockford Life Ins. Co.
 
 (7th Cir.1984), 740 F.2d 542, 544.
 

 Consequently, given that Village claims it relied on the agent’s representations, we cannot say the evidence leads only to the conclusion that Village was contributorily negligent for failing to read the policy. Rather, a question of fact exists as to whether Village reasonably relied on the representations made to it by the agent of the Insurance Company, who was fully aware of the reasons for which Village procured the policy.
 

 Reversed.
 

 HOFFMAN and MILLER, JJ„ concur.