Dallas L. PAGE & Betty J. Page,
Appellants–Third–Party
Plaintiffs,

v.

C.W. HINES d/b/a C.E. Hines & Son,
Appellee–Third–Party Defendant.

No. 14A01–9111–CV–332.

Court of Appeals of Indiana,
First District.

June 23, 1992.

James O. McDonald, Everett, Everett & McDonald, Terre Haute, for appellants-third-party plaintiffs.

David N. Powell, Worthington, for appellee-third-party defendant.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Dallas and Betty Page appeal the entry of summary judgment for C.W. Hines d/b/a C.E. Hines & Son in the Pages' third-party action. We reverse and remand.

## ISSUE

We consolidate and rephrase the issues on appeal as:

Did the trial court err in entering summary judgment finding:

a. the two-year statute of limitations bars the Pages' claim against Hines and

b. no issue of material fact exists?

## FACTS

In August 1986, Hines, an agent for Vernon Fire & Casualty Insurance Co. ("Vernon"), sold the Pages a three-year farm insurance policy. The Pages desired a policy with the same coverage as their prior policy. Pages' prior policy with Indiana Farmer's Mutual Insurance provided $100,000 of employer liability coverage for injuries to farm employees. The Pages did not read the policy when they received it by mail on September 18, 1986. The Vernon policy did not provide employer liability coverage.

On October 19, 1988, Robert Beaty, one of the Pages' farm employees, was severely injured while unloading corn. That evening, the Pages called Hines regarding their policy, and he informed them that no employer liability coverage existed. Beaty brought a negligence action against the Pages in January 1989. On March 6, 1989, the Pages filed a third-party complaint against Hines alleging negligence and breach of contract for Hines's failure to procure proper insurance. The present third-party action was separated from Beaty's action. On April 26, 1991, Hines filed a motion for summary judgment claiming that the two-year statute of limitations barred the Pages' claims. The trial court entered summary judgment in favor of Hines, concluding that the Pages' cause of action accrued when the policy was delivered to the Pages on September 18, 1986 and that the statute of limitations barred their action. The trial court stated that if the Pages had read the policy, they could have ascertained the lack of employer liability coverage from ordinary examination when they received the policy.

The Pages appeal the entry of summary judgment. Other relevant facts will be presented in our discussion.

## DISCUSSION AND DECISION

Upon reviewing a grant of summary judgment, we stand in the shoes of the trial court and must determine whether there is any genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. We consider all pleadings, depositions, and testimony in the light most favorable to the nonmoving party. *Egnatz v. Medical Protective Co.* (1991), Ind.App., 581 N.E.2d 438, 439.

The trial court granted summary judgment finding that the Pages' action was barred by the statute of limitations. The court applied IND.CODE § 34-1-2-2(1) which prescribes a two-year period from the date the action accrues to bring a cause of action for injuries to personal property. One argument the Pages raise is that the two-year statute of limitations is

inapplicable because they alleged a breach of contract. They argue that IND.CODE § 34–1–2–2(6), which provides a 10–year statute of limitations for claims involving written contracts, governs their claim. The Pages do not present any writing reflecting a contract between Hines and themselves. Additionally, we remind the Pages that it is the nature or substance of the cause of action which determines the applicability of the statute of limitations. *See Butler v. Williams* (1988), Ind.App., 527 N.E.2d 231, 233, *trans. denied.* The nature of the case here is Hines's negligence in failing to procure a particular type of insurance coverage. *See Medtech Corp. v. Indiana Insurance Co.* (1990), Ind.App., 555 N.E.2d 844, 849, *trans. denied* (accompanying an undertaking to procure insurance is a duty to exercise reasonable skill, care, and diligence). Therefore, the two-year statute of limitations applies. *See Butler*, 527 N.E.2d at 233 (cause of action for negligent failure to obtain dram shop insurance coverage governed by two-year statute of limitations).

The central issue on appeal is when the cause of action accrued. The trial court determined that the claim accrued when the Pages received their policy on September 16, 1986. The Pages argue that their claim did not accrue until they sustained damage by Beaty's injury—October 19, 1988. Because we have determined Pages' action sounds in negligence, it is governed by the rules pertaining to statutes of limitations in tort actions. Recently, our supreme court adopted the "discovery" rule in determining when a tort action accrues. *Madlem v. Arko* (1992), Ind., 592 N.E.2d 686. In *Madlem*, the court stated it found no significant difference between the "discovery" rule followed in some jurisdictions and the "ascertainment" rule followed in this state, and quoted with approval from *Wehling v. Citizens National Bank* (1992), Ind., 586 N.E.2d 840, 843, as follows:

> "We now complete the merging of the 'discovery' and 'ascertainment' rules. We hold that the cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another."

■ In other words, a cause of action accrues and the statute of limitations begins to run when the resultant damage of a negligent act is susceptible of ascertainment. *Wehling* at 842; *Madlem*, at 686. The question to be resolved is when the Pages discovered, or reasonably should have discovered, Hines's negligent failure to procure the insurance coverage they desired.

■ We find that summary judgment was improper because fact issues exist on whether the claim is time barred. *See Malachowski v. Bank One, Indianapolis* (1992), Ind., 590 N.E.2d 559 (summary judgment on the expiration of the statute of limitations is inappropriate where question of fact exists as to when plaintiff knew or could have discovered that an injury had been sustained as a result of the tortious act of another to begin running of statute of limitations).

Hines contends that the Pages had a duty to read the insurance policy when delivered, and had they done so, they would have been aware that there was no employer liability coverage. Although the insured may have a duty to acquaint himself with his policy, an exception has been acknowledged where the insured reasonably relied upon an agent's representations. *Village Furniture, Inc. v. Associated Insurance Managers, Inc.* (1989), Ind.App., 541 N.E.2d 306, 308, *trans. denied* (citing *Town & Country Mutual Insurance Co. v. Savage* (1981), Ind.App., 421 N.E.2d 704); *see also Plohg v. NN Investors Life Insurance Co.* (1992), Ind.App., 583 N.E.2d 1233, 1237, *trans. denied.* In *Village Furniture*, the insureds admitted that they did not read the insurance policy, but that they relied upon the insurance agent's representations about coverage. *Id.* The *Village Furniture* court quoted the Seventh Circuit with approval:

> "It is true that *courts in Indiana* and elsewhere, realizing that many people do not read their insurance policies and, per-

**488**

haps even more important, do not do so because the policies are unreadable, *have held that the agent's oral representations at the time of sale can override the written terms of the policy.* [Citations omitted.] If the agent insists to the prospective purchaser that the policy will insure against a hazard, ..., that the prospect is particularly concerned about, and the hazard materializes, *the company may be estopped to plead the terms of the policy because the strength of the agent's oral assurances lulled the prospect into not reading, or reading inattentively,* dense and rebarbative *policy language."*

*Village Furniture,* 541 N.E.2d at 308 (quoting *Burns v. Rockford Life Insurance Co.* (7th Cir.1984), 740 F.2d 542, 544) (emphasis in original). As in *Village Furniture,* the Pages claim they relied upon Hines's representations that the Vernon policy contained the same coverage as their old policy, namely, that they had employer liability coverage. Hines denies such representations. A question of fact then exists as to whether the representations were made, and if so, whether the Pages reasonably relied upon them. *See also Plohg,* 583 N.E.2d at 1237 (whether a party's reliance upon an agent's representations is reasonable even though he failed to read the policy is a question of fact). These questions of fact are dispositive of when the cause of action accrued. The trial court erroneously granted summary judgment on the statute of limitations issue when genuine issues of material fact existed. We reverse and remand for further proceedings.

Reversed and remanded.

ROBERTSON and BAKER, JJ., concur.