Elaine (Bontrager) STRAUSER and
the Estate of Marvin Yoder,
Appellants–Plaintiffs,

v.

WESTFIELD INSURANCE COMPANY,
Fred Teall and F.M. Teall Insurance
and Financial Services, Appellees–De-
fendants.

No. 20A03–0408–CV–358.

Court of Appeals of Indiana.

May 25, 2005.

Robert J. Palmer, E. Spencer Walton, Jr., May Oberfell Lorber, South Bend, IN, Attorneys for Appellants.

Julia Blackwell Gelinas, Melanie D. Margolin, Ian L. Stewart, Locke Reynolds LLP, Indianapolis, IN, Attorneys for Appellees.

## OPINION

SULLIVAN, Judge.

Appellant, Elaine (Bontrager) Strauser, as the assignee of the Estate of Marvin Yoder, challenges the trial court's grant of summary judgment in favor of Appellees, Fred Teall and F.M. Teall Insurance and Financial Services (collectively "Teall"). Upon appeal, Strauser presents two issues for our review, which we consolidate and restate as whether the trial court properly determined that Strauser's claims were barred by the applicable statute of limitations.

We affirm.

The relevant facts are undisputed. On September 18, 1991, Strauser was injured in an automobile accident at the intersection of State Road 15 and County Road 18 in Elkhart County. Two horses owned by Cletus Peterson escaped from a pasture owned by Yoder and were hit by Strauser's vehicle.[1] At the time of the accident, Yoder had a homeowner's insurance policy with Westfield Insurance Company ("Westfield"), which had been purchased through Teall in 1985. The policy provided coverage of Yoder's residence and provided additional coverage of vacant land owned by Yoder.

On August 6, 1992, Strauser filed suit against Yoder and Peterson for negligently maintaining the property and allowing the horses to get loose. Initially, Westfield hired an attorney to represent Yoder pursuant to a reservation of rights. After further investigation, however, Westfield made the determination that its policy did not cover the claim against Yoder and withdrew its defense.

Thereafter, on August 31, 1995, Yoder's attorney executed an assignment of rights in which Yoder assigned to Strauser, "any and all claims Marvin Yoder may have against Fred Teall, his insurance agency, or any of [h]is or his insurance agency's successors or assigns for the error made in not insuring the parcel of Marvin Yoder's property used as pasture on County Road 18, North of Goshen, Indiana, in 1985." Appellant's App. at 46.

Over five years later, on May 22, 2001, the Elkhart Superior Court entered an order granting judgment against the Estate of Marvin Yoder[2] and Peterson and in favor of Strauser in the amount of $350,000. On September 25, 2002, Strauser filed suit against Teall and Westfield.[3]

---

**1.** Yoder allowed Peterson to keep his horses in the pasture in exchange for Peterson's maintenance of the pasture and the fence.

**2.** In this order, the court substituted the Estate of Yoder for Yoder himself. Thus, Mr. Yoder apparently died during the interim.

**3.** Although Westfield filed an appellee's brief with this court, on April 22, 2005, while this

In her complaint, Strauser alleged that Westfield's reason for denying Yoder coverage was "not valid and . . . not proper." Appellant's App. at 19. The complaint also alleged that Yoder, at all relevant times, believed that his pasture land was covered by the policy. The complaint then set forth three main claims as follows:

"I. CLAIMS AS TO [TEALL]

12. [Teall] owed a contractual duty to Marvin Yoder to provide insurance for Mr. Yoder's pasture land from which the horses escaped.

13. [Teall] breached [his] contractual duty to Yoder by failing to arrange proper coverage.

14. The Estate of Marvin Yoder has suffered monetary damages as a result of this breach.

15. By virtue of the assignment of rights, [Strauser] states a cause of action for any lack of insurance coverage against [Teall].

II. BREACH OF CONTRACT AS TO [TEALL]

* * *

17. Yoder executed an insurance application in which [Teall] w[as] obligated to provide coverage for, inter alia, the pasture land from which the horses escaped, causing the accident with [Strauser].

18. [Teall] breached said contract by failing to provide coverage for said property.

19. The Estate of Marvin Yoder has suffered damages as a result of said breach.

20. By virtue of the assignment of rights, [Strauser] states a cause of action for breach of contract against [Teall]." [4] Appellant's App. at 20–21.

On May 7, 2003, Westfield filed a motion for summary judgment, and the following day, Teall filed his motion for summary judgment. Strauser responded to the motions on August 8, 2003.[5] The trial court held a hearing on the matter on September 5, 2003. On March 19, 2004, the trial court granted summary judgment in favor of Teall and Westfield, concluding that Strauser's claims were barred by the applicable statute of limitations.

█ Our standard of review of trial court rulings on summary judgment is well settled:

"Summary judgment is appropriate only where no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. Genuine issues of material fact exist where facts concerning an issue which would dispose of the litigation are in dispute. The moving party has the initial burden of demonstrating, prima facie, the absence of genuine issues of material fact. If the moving party does so, the burden then falls upon the non-moving party to identify a factual dispute which would preclude summary judgment. Upon appeal

---

appeal was under consideration, Strauser filed a motion to dismiss the appeal as to Westfield, stating that those parties had resolved all outstanding issues between them and that their agreement "includes the terms upon which the [a]ppeal should be dismissed." This court has since granted Strauser's motion to dismiss the appeal as to Westfield. Because of the nature of the underlying action, it is necessary to refer to Westfield, but we will make reference to claims against

Westfield only to the extent necessary to deal with the claims against Teall.

4. The complaint also alleged that Westfield owed a duty to Yoder to provide insurance on the land from which the horses escaped and breached a "contract" by denying coverage.

5. The trial court had previously granted Strauser's request for an extension of time in which to file the response.

of a grant of summary judgment, we apply the same standard as the trial court, resolving any factual disputes or conflicting inferences in favor of the non-moving party. We consider only those portions of the record specifically designated to the trial court. Upon appeal, the non-moving party bears the burden of persuasion and must specifically point to the disputed material facts and the designated evidence pertaining thereto. We will liberally construe the designated evidence in favor of the non-movant, so that he is not improperly denied his day in court. Nevertheless, we will not become an advocate for a party, and the trial court's entry of summary judgment will be affirmed if it may be sustained upon any theory or basis found in the evidentiary material designated to the trial court." *Meisenhelder v. Zipp Express, Inc.,* 788 N.E.2d 924, 926–27 (Ind.Ct.App.2003) (citations omitted).

The trial court here entered specific findings and conclusions. Although such findings and conclusions offer insight into the trial court's rationale and facilitate our review, they do not alter our standard of review and are not binding upon this court. *Jones v. W. Reserve Group/Lightning Rod Mut. Ins. Co.,* 699 N.E.2d 711, 714 (Ind.Ct.App.1998), *trans. denied.*

Strauser claims that the trial court erred in that it improperly concluded that her claims accrued on the date that Westfield denied coverage to Yoder and are therefore barred by the applicable statute of limitations. The first question is therefore which statute of limitations is applicable in the present case. Teall[6] argues upon appeal that the two-year statute of limitations governing tort actions[7] should apply instead of the ten-year statute of limitations governing actions based upon written contracts.[8] Strauser counters that the latter should apply.

Teall cites the case of *Butler v. Williams,* 527 N.E.2d 231 (Ind.Ct.App. 1988), *trans. denied,* wherein the plaintiffs, the Williamses, were injured in an automobile accident with a man who had become intoxicated while a patron at a tavern owned by the Morgans. Defendant Butler, an insurance agent, had procured an insurance policy for the tavern through Hawkeye–Security Insurance Company, but the policy expressly excluded coverage for liability incurred as a result of serving alcoholic beverages. When the Williamses sued the Morgans, Hawkeye Insurance notified them that their policy did not cover the claim against them. Thereafter, the Morgans executed an assignment of claims wherein they assigned to the Williamses any claims they had against their insurance carrier for failing to recommend insurance coverage for alcohol-related liability. After judgment was entered against the Morgans, the Williamses, by way of

---

**6.** In his memorandum in support of summary judgment, Teall argued that the ten-year statute of limitations governing actions upon written contracts was applicable to claims of breach of an insurance contract. Generally, a party may not present an argument upon appeal that was not presented to the trial court. However, at the summary judgment hearing, Teall's counsel did agree with the trial court that Strauser's claims "should be a negligence case," but argued that under either statute of limitations, the claims were time-barred. Tr. at 15.

**7.** *See* Ind.Code § 34–11–2–4 (Burns Code Ed. Repl.1998) (governing actions for injury to person, character, personal property, and forfeiture of penalty).

**8.** *See* Ind.Code § 34–11–2–11 (Burns Code Ed. Supp.2004) (governing actions on written contracts other than for payment of money and for recovery of possession of real estate).

the assignment, brought suit against the agent Butler, another agent, and Hawkeye Insurance.

Upon interlocutory appeal, the question presented was whether the claims were barred by the statute of limitations. The Williamses argued that the two-year statute of limitations for tort actions was inapplicable to their claim because their complaint alleged a breach of contract. The court disagreed, noting that the Williamses had "not provided us with any details about the nature of the contract they claim was breached by the appellants." *Id.* at 233. The court further noted that the nature or substance of the cause of action determines which limitations period applies and held:

> "We cannot agree with the appellees in the case at bar, that the statute of limitations for contract actions should apply. The nature or substance of the cause of action is negligence in failing to obtain a particular type of insurance coverage. Thus, the two (2) year statute of limitations applies." *Id.* at 233–34.

Teall now argues that Strauser's cause of action, like the Williamses' claims in *Butler,* are truly claims of negligence in failing to provide the type of insurance coverage desired.

■■■ We conclude such claims are time-barred regardless of which statute of limitations is applicable because, as explained *infra,* more than ten years has elapsed since the cause of action accrued. When a cause of action accrues is generally a question of law for the courts to determine. *Meisenhelder,* 788 N.E.2d at 927. A cause of action brought by an assignee of another's claims accrues at the same time that the assignor's claims accrued. *Butler,* 527 N.E.2d at 234. In determining when either a claim of breach of a written contract or tort claim accrues, Indiana follows the "discovery rule." In

other words, a cause of action for either tort or written contracts begins to run when a party knows, or in the exercise of ordinary diligence could discover, that the contract has been breached or that an injury had been sustained as a result of the tortious act of another. *See Meisenhelder,* 788 N.E.2d at 928, 930.

Strauser argues that Yoder's claim against Teall did not accrue until May 22, 2001, when judgment was entered against Yoder; only then, Strauser argues, did Yoder have the right to seek a declaration of coverage against Westfield under the terms of his policy. The court in *Butler* rejected a similar argument. In *Butler,* the plaintiffs argued that the claim they were asserting accrued when the owners of the tavern had judgment entered against them. The court held that for a cause of action to accrue, it is not necessary that the extent of the damage be known or ascertainable, but only that damage has occurred. 527 N.E.2d at 234. The court further held:

> "the latest date on which the Morgans' cause of action against their insurer and insurance company could have accrued was January 11, 1984, when Hawkeye [Insurance Company] notified the Morgans that their insurance policy did not cover the Williamses' accident. Clearly, on that date the Morgans knew about the Williamses' claim and were made aware that their insurance policy did not include dram shop liability coverage. Because the cause of action accrued more than two (2) years before the Williamses filed their suit against Hawkeye and Butler, the claim is barred by the statute of limitations . . . ." *Id.*

Applying such reasoning to the present case, we conclude that Strauser's cause of action accrued on June 4, 1992, when Westfield denied Yoder's claim. Strauser did not file suit against Teall until Septem-

ber 25, 2002, more than ten years later. Thus, under either statute of limitations, Strauser's cause of action is time barred.

Strauser posits, however, that her claims against Teall may only succeed if Westfield's denial of Yoder's claim was proper. According to Strauser, if the denial of coverage was improper, then Westfield, not Teall, would be liable; but if Westfield's denial was proper, then Teall, not Westfield, would be liable for failing to procure the proper coverage. Thus, Strauser argues that her claims against Teall are mutually exclusive with her claim against Westfield. She further argues that, pursuant to the terms of the Westfield policy, Yoder had no right to sue Westfield until such time as his liability had been reduced to judgment. Specifically, she refers to the following language in the policy:

"No one will have the right to join us as a party to any action against an **insured**. Also, no action with respect to Coverage E [9] can be brought against us until the obligation of the **insured** has been determined by final judgment or agreement signed by us." Appellant's App. at 45.

Again, a similar argument was rejected in *Butler*. There, the Williamses claimed that the "no-action" clause in the Morgans' insurance policy prohibited them from bringing suit against Hawkeye Insurance until a judgment had been rendered in the case against the Morgans. The court held that the Williamses' claim against Hawkeye Insurance was not based upon a breach of the existing insurance contract, but was instead a suit alleging negligence for failure to provide a different type of policy. 527 N.E.2d at 234. Therefore, "[t]he clause did not bar the Williamses' negligence claim, nor did it suspend the running of the statute of limitations until after judgment had been entered in the Morgans' suit." *Id.*

Further, in *Smithers v. Mettert*, 513 N.E.2d 660, 664 (Ind.Ct.App.1987), *trans. denied*, it was held that an insurer's refusal to defend an insured against suit bars the subsequent invocation of a "no-action" clause as a defense.[10] This is especially true when the insurer had notice of the suit and could have taken measures to contest it. *See id.* Here, Westfield had notice of the suit. Indeed, Westfield initially provided a defense for Yoder under a reservation of rights but later denied coverage after further investigating the claim. Thus, the "no-action" clause of the Westfield policy did not prevent Yoder from filing suit against Westfield when Westfield denied his claim, and Yoder could have filed suit against both Teall and Westfield when Westfield denied his claim on June 4, 1992. As noted, Strauser, as Yoder's assignee, did not file suit until

9. The provision of the policy defining Coverage E reads:

"COVERAGE E—Personal Liability
If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:
1.  pay up to our limit of liability for the damages for which the **insured** is legally liable; and
2.  provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may

investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the **occurrence** equals our limit of liability." Appellant's App. at 42.

10. The author of this opinion dissented from the majority holding but did so for a reason wholly different from the "no-action" rationale of the majority. The dissenter thought it unnecessary to address the issue involved in the case before us.

September 25, 2002, over ten years later. Therefore, either a breach of written contract claim or a negligence claim against Teall is barred by the applicable statutes of limitation. The trial court did not err in granting summary judgment in favor of Teall.

The judgment of the trial court is affirmed.

BAILEY, J., and MATHIAS, J., concur.