**FOR PUBLICATION**



FILED

May 09 2013, 8:59 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DOUG A. BERNACCHI**
Michigan City, Indiana

ATTORNEYS FOR APPELLEES:

**MICHAEL E. O'NEILL**
**KELLY K. MCFADDEN**
**KATHLEEN M. ROSE**
O'Neill McFadden & Willett LLP
Dyer, Indiana

**MARK A. LIENHOOP**
Newby, Lewis, Kaminski & Jones, LLP
La Porte, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BONNIE MORYL, as Surviving Spouse and Personal Representative of the ESTATE OF RICHARD A. MORYL, Deceased, | ) ) ) ) ) | |
| Appellant-Plaintiff, | ) ) | |
| vs. | ) ) | No. 46A04-1112-CT-710 |
| CAREY B. RANSONE, M.D., LA PORTE HOSPITAL, DAWN FORNEY, RN, WANDA WAKEMAN, RN BSBA, B. PRAST, RN, and CAROL CUTTER, in her capacity as Commissioner of the Indiana Department of Insurance, | ) ) ) ) ) ) ) | |
| Appellees-Defendants. | ) | |

**May 9, 2013**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

In this case of first impression, the appellant-plaintiff Bonnie Moryl, the widow of the deceased, Richard A. Moryl (Richard), appeals the trial court's grant of summary judgment in favor of the appellees-defendants, LaPorte Hospital, Dawn Forney, RN, Wanda Wakeman, RN, B. Prast, RN, and Dr. Carey B. Ransone (collectively, the appellees), when it determined as a matter of law that Moryl's proposed complaint for medical malpractice was not timely filed with the Indiana Department of Insurance (Department).

Moryl claims that because the Indiana Rules of Trial Procedure and the Indiana Rules of Appellate Procedure consider a pleading filed on the date that it was deposited with a third-party carrier, such as Fed Express (FedEx), the Medical Malpractice Act should also permit a proposed complaint to be considered filed with the Department on the day it was sent via FedEx Priority Overnight. Moryl suggests that the best "common sense resolution of this matter is for us to construe the Medical Malpractice statute to include the use of third party private carriers for filing." Appellant's App. p. 9.

2

Notwithstanding Moryl's contentions, Trial Rule 5(F) makes it clear that mailing by registered or certified mail is not the same as depositing it with a third-party commercial carrier such as FedEx. And Indiana Code section 34-18-7-3(b) provides that a proposed complaint is considered filed when it is delivered to the Department or mailed by registered or certified mail to the Department.

In this case, the trial court properly found that Moryl's complaint sent to the Department by FedEx was filed one day late under the two-year statute of limitations. Thus, the trial court properly entered summary judgment in the appellees' favor.

FACTS

Richard died on April 20, 2007, in the LaPorte Hospital while he was under the appellees' care. On Sunday, April 19, 2009, Moryl sent her proposed medical malpractice complaint to the Department via FedEx. The complaint alleged, among other things, that the appellees were negligent in their care and treatment of Richard on April 19 and 20, 2007, and that their negligence was the proximate cause of Richard's death. The Department received the complaint on Tuesday, April 21, 2009, and file-stamped it that same day. April 21st was one day after the expiration of the two-year statute of limitations.

Thereafter, the appellees filed a motion for summary judgment, claiming that Moryl did not file her proposed complaint in a timely fashion. More specifically, the appellees asserted that under Indiana Code section 34-18-7-1(b), the statute of limitations is two years from the date of the alleged act, omission, or neglect. Also, Indiana Code

3

section 34-23-1-1 provides that a wrongful death claim must be filed within two years of the date of death.

Because Richard died on April 20, 2007, and Moryl's complaint was not filed until April 21, 2009, the appellees contended that Moryl's complaint was filed one day late. Following a hearing on August 15, 2011, the trial court granted the appellees' motion for summary judgment. The trial court's order provided in relevant part that:

14. When reviewing the rules surrounding the timing of the filing of the complaint with the Indiana Department of Insurance, the court must look to the rules and statutes governing that particular agency.

15. Although the trial rules specifically provide for the filing date of a complaint through the United States Postal Service, or a third party commercial carrier, IC 34-18-7-3(b) only allows filings by registered or certified mail.

16. No case law or precedent appears to exist which addresses the exact issue before the court, and although common sense would seem to suggest that in today's world the utilization of a third party commercial carrier should suffice, the statute governing the subject matter involved in this case does not provide for it and therefore a strict reading of IC 34-18-7-3(b) requires the court to find that, as a matter of law, the complaint was not timely filed.

Moryl now appeals.

### DISCUSSION AND DECISION

### I. Cross-Appeal

Before considering the merits of Moryl's arguments, we initially address the appellees' cross-appeal where they assert that Moryl's appeal should be dismissed

4

because of her "flagrant disregard of the Appellate rules and of this Court's prior orders [as to] when the Appellant's Brief and Appendix were due." Appellees' Br. p. 11.

The appellees assert that Moryl did not correct the defects in her appellate brief as she was ordered to do—within the prescribed time limits that our motions panel had prescribed. Thus, the appellees maintain that Moryl's appeal must be dismissed.

Although we are reluctant to overrule prior orders entered by this court, we have the inherent authority to reconsider any decision while an appeal is pending. Miller v. Hague Ins. Agency, Inc., 871 N.E.2d 406, 407 (Ind. Ct. App. 2007). Also, "we prefer to decide a case upon the merits whenever possible." United Farm Family Mut. Ins. Co. v. Michalski, 814 N.E.2d 1060, 1067 (Ind. Ct. App. 2004). We will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is so substantial that it impedes our ability to consider the errors. Ramsey v. Review Bd. of Ind. Dep't. of Workforce Dev., 789 N.E.2d 486, 487 (Ind. Ct. App. 2003).

In this case, we cannot say that Moryl's failure to follow our appellate rules was substantial to the extent that our ability to consider the issues presented on appeal has been hindered. Thus, we reject the appellees' motion to dismiss Moryl's appeal, and we will address her claims on the merits.

## II. Standard of Review

Our standard of review with regard to the grant or denial of summary judgment is well settled:

When reviewing a grant of summary judgment, our standard of review is the same as that of the trial court. Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment a matter of law." [We] construe all factual inferences in the non-moving party's favor and resolve all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1269-70 (Ind. 2009).

The issue of when a cause of action accrues is generally a question of law for the courts to determine. Strauser v. Westfield Ins. Co., 827 N.E.2d 1181, 1185 (Ind. Ct. App. 2005). Thus, a statute of limitations defense is particularly suitable as a basis for summary judgment. McGill v. Ling, 801 N.E.2d 678, 682 (Ind. Ct. App. 2004). The failure to file a proposed complaint with the Department within two years of the date of the alleged malpractice is ordinarily fatal to a medical malpractice action. Id.

### III. Moryl's Contentions

In addressing Moryl's argument that the trial court erred in granting the appellees' motion for summary judgment, we initially observe that a medical malpractice claim must be filed within two years of the date of the alleged act, omission, or neglect. Ind. Code § 34-18-7-1(b).[1] And we have previously determined that the filing of a complaint

---

[1] Indiana Code section 34-18-7-1(b) provides that:

[a] claim, whether in contract or tort, may not be brought against a health care provider based upon professional services or health care that was provided or that should have been provided unless the claim

6

occurs in one of three (3) ways: personal delivery, registered mail, or certified mail. Wallis v. Marshall Cnty. Comm'rs, 546 N.E.2d 843, 844 (Ind. 1989). In accordance with Indiana Code section 34-18-7-3(b), a proposed complaint is considered filed when a copy of the complaint is delivered or mailed by registered or certified mail to the Department. Specifically, the statute provides that "[a] proposed complaint under IC 34-18-8 is considered filed when a copy of the proposed complaint is <u>delivered or mailed by registered or certified mail to the commissioner</u>." (Emphasis added).

As noted above, Richard died on April 20, 2007. Supp. App. 16-20. Moryl did not send her proposed complaint to the Department by registered or certified mail. Rather, she sent it via third-party carrier, FedEx, and "regular" mail was marked on the Department's receipt. <u>Id.</u> at 1-3, 29-34. According to the Department's file stamp, Moryl's complaint was filed on April 21, 2009, which was the date of delivery. <u>Id.</u> As a result, under Indiana Code section 34-18-7-1(b), Moryl's action was filed outside the statute of limitations.

Notwithstanding these provisions, Moryl attempts to avoid the appellees' statute of limitations defense by claiming that her proposed complaint should have been considered filed with the Department when it was deposited with FedEx. In support of this argument, Moryl directs us to Trial Rule 5(F)(4), which provides that

> (F) <u>Filing With the Court Defined</u>. The filing of pleadings, motions, and other papers with the court as required by these rules shall be made by one of the following methods:

---

is filed within two (2) years after the date of the alleged act, omission, or neglect, except that a minor less than six (6) years of age has until the minor's eighth birthday to file.

7

. . .

> (4) Depositing with any third-party commercial carrier for delivery to the clerk within three (3) calendar days, cost prepaid, properly addressed;

. . .

> Filing by registered or certified mail and by third-party commercial carrier shall be complete upon mailing or deposit.

(Emphasis added).

Moryl correctly observes that this rule and Appellate Rule 23[2] deem various documents filed when they are deposited with a third-party carrier. However, Moryl fails to demonstrate that these rules extend to Indiana Code section 34-18-7-3(b). As the trial court pointed out in the summary judgment order, the issue here does not involve a filing in this court or with the trial court. Rather, the case involves a filing with Department, which is an administrative agency.

There are no provisions suggesting that a proposed complaint is considered filed with the Department—an administrative agency—when it is deposited with a third party commercial carrier. And contrary to Moryl's argument that the statutes are ambiguous regarding the use of a third-party carrier, Indiana Code section 34-18-7-3(b) provides that

---

[2] Appellate Rule 23, entitled "time for filing," provides:

All papers will be deemed filed with the Clerk when they are:

> (1) personally delivered to the Clerk (which, when the Clerk's Office is open for business, shall mean personally tendering the papers to the Clerk or the Clerk's designee; and at all other times (unless the Clerk specifies otherwise) shall mean properly depositing the papers into the "rotunda filing drop box" located in the vestibule of the east second-floor entrance to the State House);

> (2) deposited in the United States Mail, postage prepaid, properly addressed to the Clerk; or

> (3) deposited with any third-party commercial carrier for delivery to the Clerk within three (3) calendar days, cost prepaid, properly addressed.

8

a proposed complaint is considered filed when a copy of the proposed complaint is delivered or mailed by registered or certified mail to the Department. The use of other methods such as first class mail, a third-party carrier, or messenger, commands that filing a medical malpractice complaint under Indiana Code section 34-18-7-1(b) occurs on the date that the pleadings or complaint is received.

We note that our Supreme Court has made it clear that the trial rules do not govern the operations of administrative agencies, or even conditions precedent to the judicial review of administrative decisions:

> Each of the several administrative agencies is a creature of the Legislature. The procedures to be followed in presenting matters to these agencies and in appeals therefrom are specifically set out in the statutes pertaining to each. The rules of trial procedure, which, as stated in Trial Rule 1, govern the procedure and practice in all courts of the state of Indiana are not applicable to proceedings before the administrative agencies nor to the proceedings requisite to invoking the jurisdiction of reviewing judicial authority.

Clary v. Nat'l Friction Prods., 259 Ind. 581, 584-85, 290 N.E.2d 53, 55 (1972).

In light of the above, while Trial Rule 5 and Appellate Rule 23 permit pleadings, motions, and other papers that are sent by a third-party carrier to be deemed filed on the date of deposit with the carrier, these rules to not apply to proposed complaints filed with the Department, an administrative agency. And because Indiana Code section 34-18-7-3(b) expressly states that registered and certified mail are the only two types of mailings by which a proposed complaint will be considered filed as of the date of mailing, a third-party carrier is not included, because that method is not expressly named in the statute.

9

See Januchowski v. N. Ind. Commuter Trnsp. Dist., 905 N.E.2d 1041, 1049 (Ind. Ct. App. 2009) (observing that under the doctrine of expression unius est exclusion alterious, the enumeration of certain things in a statute necessarily implies the exclusion of others).

In sum, we conclude that Moryl did not file her medical malpractice complaint within the applicable two-year statute of limitations. Thus, we affirm the trial court's grant of summary judgment in the appellees' favor.

The judgment of the trial court is affirmed.

MAY, J., and MATHIAS, J., concur.